**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Date Submitted:   May 16, 2022
Final Report:       June 10, 2022

Michael F. McGroerty, Esquire               Catrina Aikens
Law Office of Michael F. McGroerty, P.A.   103 Newton Drive
110 North Pine Street                          Bear, Delaware 19701
Seaford, Delaware 19973

Melissa Morgan                                 Asia Wilson
229 Bill Stewart Blvd.                          2507 North Market Street
LaVerne, TN 37086                             Wilmington, Delaware 19802

Wilbert Octavis Mable, Jr.                     Ameer Marquis Octavis Mable
1120 B Street                                    16 South Street
Wilmington, Delaware 19801                  New Castle, Delaware 19720

> RE:   *In re Estate of Wilbert Octavis Mable, Sr.*
> C.A. No. 2020-0089-PWG

Dear Counsel and Parties:

Pending before me is a matter in which a beneficiary of an estate seeks removal of the estate's personal representative and appointment as the successor personal representative. While this matter was being litigated, the personal representative filed a notice with the New Castle County Register of Wills of her intent to resign as personal representative of the estate. On April 12, 2022, I asked the parties to submit status reports regarding the status of this matter in light of developments with the Register of Wills. Only the beneficiary responded to this

request, arguing that the Court should decide in the first instance who should be appointed as successor personal representative. In this report, I reject the beneficiary's argument and stay proceedings in this matter until the Register of Wills acts on pending petitions before it. This is a final report.

## I.  Background

Wilbert Octavis Mable, Sr. ("Decedent") passed away on July 23, 2015.[1] Catrina Aikens ("Aikens") filed a Petition for Authority to Act as Personal Representative with the New Castle County Register of Wills ("Register") on January 26, 2015.[2] Asia Mable ("Asia"), Joe Ann Mable, and Wileysha Mable ("Wileysha") filed renunciations of the right and power of administration of Decedent's estate with Aikens' petition.[3] On January 29, 2016, the Register appointed Aikens as personal representative of the Estate of Wilbert Octavis Mable, Sr. ("Estate").[4] On March 19, 2019, after a period of inaction, the Register ordered that it would take no further action on the case, and would not set up a rule to show cause proceeding to seek removal of Aikens as personal representative.[5]

---

[1] Docket Item ("D.I") 1, ¶ 1; *In the Matter of Wilbert Octavis Mable, Sr.*, New Castle County Register of Wills Folio No. 162238 [hereinafter "ROW Folio"], D.I. 1.

[2] ROW Folio, D.I. 1.

[3] *Id.* I use first names in pursuit of clarity and intend no familiarity or disrespect.

[4] *Id.*

[5] ROW Folio, D.I. 4.

On February 13, 2020, Wileysha filed a Petition for Authority to Act as Personal Representative ("ROW Petition").[6]  Also on February 13, 2020, Wileysha filed the Petition to Remove Administratrix and Appoint New Administration ("Chancery Petition") with this Court, naming Aikens as respondent in her capacity as personal representative of the Estate and asking the Court to remove Aikens for failure to administer the Estate.[7]  On March 31, 2020, Wileysha moved for default judgment.[8]  On May 21, 2020, Aikens filed a claim against the Estate with the Register in the amount of $49,850.00.[9]  By letter dated July 7, 2020, Aikens responded to the motion for default judgment, arguing that Wileysha and some of her siblings were not the Decedent's biological children.[10]  At a hearing on September 10, 2020, I denied the motion for default judgment and ordered that an evidentiary hearing would be scheduled to resolve the various claims raised, including whether Wileysha's prior renunciation was void or revoked.[11]

The matter in this Court proceeded to discovery and discovery disputes.[12] On or before March 7, 2022, Aikens contacted the Register and announced her

---

[6] ROW Folio, D.I. 5.

[7] D.I. 1.

[8] D.I. 5.

[9] ROW Folio, D.I. 8.

[10] D.I. 7.

[11] D.I. 12.

[12] *See* D.I. 15; D.I. 16; D.I. 17; D.I. 21; D.I. 23; D.I. 24.

intent to resign as personal representative of the Estate.[13]  On March 22, 2022, Aikens filed with the Register her request to resign as personal representative of the Estate.[14]  Also on March 22, 2022, Asia filed a letter with the Register asking to be appointed as successor personal representative.[15]  On March 28, 2022, the Register requested that Wileysha respond to the letters filed by Aikens and Asia.[16]

The parties also filed letters with this Court about these developments.  On March 25, 2022, Asia filed a letter requesting DNA testing of certain parties.[17]  On March 29, 2022, Aikens filed a letter noting that she had submitted a resignation to the Register and contending that she should not be responsible for Wileysha's attorneys fees.[18]  On March 31, 2022, Wileysha filed a letter, taking issue with transactions that occurred under Aikens' administration of the Estate.[19]  On April 5, 2022, Wileysha filed another letter, indicating that certain parties have filed a petition to adjudicate paternity in the Family Court.[20]

---

[13] ROW Folio, D.I. 9.

[14] ROW Folio, D.I. 10.

[15] ROW Folio, D.I. 11.

[16] ROW Folio, D.I. 12.

[17] D.I. 26.

[18] D.I. 29.

[19] D.I. 31.

[20] D.I. 32.

On April 12, 2022, I sent a letter to the parties requesting status reports and their positions on what remained before this Court in light of Aikens' actual or purported resignation as personal representative of the Estate.[21] On May 12, 2022, Wileysha filed a letter with this Court, arguing that there are still issues for the Court to adjudicate under the Chancery Petition.[22] On May 11, 2022, Wileysha filed a letter with the Register, asking the Register to adjudicate the ROW Petition.[23] On May 16, 2022, Wileysha filed another letter with this Court, arguing that Court of Chancery Rule 207 allows the Court to adjudicate any petition related to an estate matter.[24]

## II.    Analysis

The Chancery Petition seeks only two actions for relief: (1) removing Aikens as personal representative of the Estate and (2) directing the Register to appoint Wileysha as personal representative of the Estate.[25] There are no other pleadings in this matter. Aikens has voluntarily purported to resign as the personal representative of the Estate.[26] Thus, at least part of the Chancery Petition is no longer a live controversy because Aikens has voluntarily requested to resign. The

---

[21] D.I. 34.

[22] D.I. 35.

[23] ROW Folio, D.I. 15.

[24] D.I. 37.

[25] D.I. 1, at 3.

issue before me is whether the Court may act to appoint Wileysha as successor personal representative or whether the Register must act in the first instance.

The Chancery Petition was filed under 12 *Delaware Code* § 1541,[27] which states in relevant part, "If an executor or administrator neglects official duties, the Court of Chancery may remove the executor or administrator from office."[28] In an appropriate case following such a removal, the Court could appoint a successor personal representative or executor.[29] Here, though, the Court has made no findings regarding removal of the personal representative or taken any action that would require the appointment of a successor personal representative.

Under Title 12, Chapter 15 of the *Delaware Code*, the Register of Wills for the respective counties grants letters of administration and appoints personal representatives.[30] Title 12 of the *Delaware Code* specifically addresses the appointment of a successor administrator during the pendency of litigation

---

[26] ROW Folio, D.I. 10.

[27] *See* D.I. 2.

[28] 12 *Del. C.* § 1541(a).

[29] *See*, *e.g.*, *Scholl v. Murphy*, 2002 WL 31112203 (Del. Ch. Sept. 4, 2002); *Est. of Lockwood*, 1982 WL 149627 (Del. Ch. Aug 11, 1982).

[30] *See* 12 *Del. C.* § 1502(a) ("… letters testamentary shall be granted by the Register of Wills …"); 12 *Del. C.* § 1504(a) ("Letters of administration …. shall be granted by the Register of Wills …"); 12 *Del. C.* § 1505(a) ("… letters of ancillary administration … shall be gratned by a Register of Wills …."); 12 *Del. C.* § 1505(e) ("Any interested person may petition the Register of Wills of a proper county for the appointment of an administrator.").

concerning the right administer an estate. "Administration during the pendency of litigation concerning … the right to administer … may be granted by the Register of Wills."[31]

In a supplemental filing, Wileysha contends that Court of Chancery Rule 207 allows the Court to adjudicate any petition related to the administration of estates.[32] However, Court of Chancery Rule 207 does not create a separate cause of action; rather, it lists various petitions authorized by other law related to estates and trusts that may be filed in this Court and confirms that they will be treated as civil action matters in this Court as opposed to civil miscellaneous matters.[33]

Therefore, because this Court has made no removal of the personal representative of the Estate, the Register should decide the appointment of a successor administrator by adjudicating Aikens' request to resign and the ROW Petition in the first instance.[34] Should any dispute remain following the Register's

---

[31] 12 *Del. C.* §1507(c).

[32] D.I. 37.

[33] *See* Court of Chancery, *Rule Amendments Effective January 1, 2015*, https://www.courts.delaware.gov/chancery/ruleupdates.aspx (last visited June 8, 2022) ("Rule 207 has been revised to clarify the types of cases that must be filed as Civil Actions ('CAs') rather than Civil Miscellaneous matters ('CMs').").

[34] *See In re Est. of Trammel*, 2010 WL 692328 (Del. Ch. Feb. 9, 2010) (remanding a matter to the Register of Wills after removing an administrator for determination of the appointment of a successor administrator), *aff'd*, 7 A.3d 485 (Del. 2010) (TABLE).

7

adjudication of Aikens' request to resign and the ROW Petition, the parties may return to the Court for review of the Register's decision.[35]

Until such a time as a party seeks review of the Register's decision, this matter is STAYED. "The Court's right to grant a stay is within the exclusive discretion of the Court. The discretion to issue a stay is inherent in every court and flows from its control over the disposition of cases on its docket."[36] Here, a stay is appropriate while the Register makes a decision on the issues before the Register in the first instance.[37] Once the Register has made its decision, any issues remaining in this matter may be addressed by the Court, and the parties may bring any issues regarding the Register's decision to the Court for review.

---

[35] *See* 12 *Del. C.* § 2502(b) (all decisions of the Register of Wills are "subject to being set aside or modified by the Court [of Chancery] at any time within 30 days thereafter").

[36] *In re Bay Hills Emerging Partners I, LP*, 2018 WL 3545305, at *2 (Del. Ch. July 23, 2018) (internal quotation marks and citation omitted).

### III.    Conclusion

Therefore, I recommend that the Court STAY this matter until the New Castle County Register of Wills resolves the petitions and issues before it regarding the administration of the Estate.  This is a final master's report, and exceptions may be taken under Court of Chancery Rule 144.

Sincerely,

*/s/  Patricia W. Griffin*

Patricia W. Griffin
Master in Chancery

cc:    New Castle County Register of Wills

---

[37] *See generally Terrell v. Kiromic Biopharma, Inc.*, 2022 WL 175858, at \*7 (Del. Ch. Jan. 20, 2022) (staying further consideration pending decision by another entity of the applicability of a contractual provision).